# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 12-686V
Filed: May 17, 2013
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| CAROL ORSINGER, | * | |
| | * | |
| Petitioner, | * | Attorneys' Fees & Costs Decision |
| v. | * | Based on Stipulation |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Charles W. Marsar, Harrisburg, PA, for petitioner.
Lynn E. Ricciardella, Washington, DC, for respondent.

**MILLMAN, Special Master**


### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On May 17, 2013, the parties filed a stipulation in which they agreed on an appropriate amount for attorneys' fees and costs in this case.

In accordance with the General Order #9 requirement, petitioner's counsel asserts that petitioner did not incur any costs in pursuit of her petition.

Petitioner informally provided respondent with a draft final Application for Attorneys' Fees and Costs. During informal discussions, respondent raised objections to certain items.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

Based on these objections, petitioner now amends her request for attorneys' fees and costs and requests $17,170.58 in attorneys' fees and costs. Respondent does not object to the reduced amount. The undersigned finds this amount to be reasonable. Accordingly, the court awards **$17,170.58**, representing reimbursement for attorneys' fees and costs. The award shall be in the form of a check payable jointly to petitioner and R.J. Marzella & Associates in the amount of **$17,170.58**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: May 17, 2013                         /s/ Laura D. Millman by /s/ Nora Beth Dorsey
                                                            Laura D. Millman
                                                            Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.